[No. 17557.   Department One.   April 6, 1923.]

H. B. HANSEN, *Respondent*, v. J. C. LEADBETTER *et al.,*
*Appellants,* W. H. McCALLUM *et al., Defendants.*[1]

ALTERATION OF INSTRUMENTS (12)—EVIDENCE—SUFFICIENCY.   The
evidence sustains findings that a deed was altered after execution
by the insertion of a clause that it was subject to a certain mortgage,
where the purchase price of the property was recited in the deed as
$2,500 and that was the sum paid, the grantees testified that no
mention was made of it in the deed, that they saw the deed
after it was executed and it then had no reference to the mortgage,
and an examination of the deed indicates that the assumption clause
was not typed in on the deed at the same time as the other typing
was done.

PRINCIPAL AND AGENT (55)—LIABILITIES AS TO THIRD PERSONS—
UNAUTHORIZED ACTS—PAYMENTS TO AGENTS.   Although real estate
agents may have been the agents of both parties pending final settle-
ment, for the purpose of holding and recording the deed, yet as to
collecting the balance of the purchase price they were the sole agents
of the vendors, who are liable for the agent's misappropriation and
collection of more than was due on the contract.

Appeal from a judgment of the superior court for
Skagit county, Brawley, J., entered February 14, 1922,
upon findings in favor of the plaintiff, in an action to
recover money paid to satisfy a mortgage, tried to the
court.   Affirmed.

*Geo. A. Joiner,* for appellants.

*H. C. Barney,* for respondent.

HOLCOMB, J.—This action was commenced to recover
the amount paid to satisfy a mortgage after receiving
conveyance of the premises involved herein, in the sum
of $783.33.   Judgment was entered therefor against
appellants and against W. H. McCallum and Mary
A. McCallum, his wife.   J. T. Lyons and Myra B.
Lyons, his wife, were also joined as defendants and

[1]Reported in 214 Pac. 626.

defaulted. Lyons had been a partner with W. H. Mc-
Callum under the partnership name of "W. H. Mc-
Callum & Co." Only Leadbetter and wife have ap-
pealed.

Appellant concedes that the case is one largely of
fact, and that full weight must be given by this court
to the findings of the trial court, but contends that the
evidence preponderates against the findings of the
trial court. A thorough and painstaking review of
the evidence has been made.

McCallum & Company sold the property to respond-
ent on September 9, 1919, for the sum of $2,500. Re-
spondent had taken the precaution to interview Lead-
better and asked him his price, who asked what price
McCallum had stated, and was informed that it was
$2,500. Leadbetter then said: "That is the price."
There was a mortgage on the premises to one Mohler
at the time for the sum of $750, dated April 5, 1916,
due three years after date, with interest at the rate of
eight per cent per annum, payable semi-annually,
which was therefore past due; but the interest had
been paid and received up to the last interest-paying
period. On September 9, a deed was executed by ap-
pellants to respondent in which the consideration was
stated as $2,500, which deed was retained in the pos-
session of McCallum & Company until October 8, 1919,
when respondent made the last payment that was to
be made upon the premises, and told McCallum to have
the deed recorded. When the deed was made on Sep-
tember 9, respondent and his wife testified that there
was no mention of there being a mortgage which was
to be assumed by respondent. On that day the sum
of $1,727.75 was paid by respondent to McCallum &
Company, who gave their receipt therefor, reciting
that the amount was to be applied upon the purchase

price of the property. It was then agreed that the deed should remain with McCallum & Company until full payment of the purchase price had been made.

Shortly before making the final payment on the purchase price, respondent and his wife went to the office of McCallum & Company and examined the deed to the property, and, as they testify, it then contained no mention of the mortgage, but was a clear deed. About a week after the deed had been recorded, Leadbetter paid the semi-annual interest due Mohler on October 5, 1919, to Lyons. On October 8, when respondent paid the balance of the purchase price, $772.25, aggregating exactly the agreed purchase price according to the undisputed testimony, or $2,500, McCallum & Company gave their receipt therefor. Respondent did not see the deed at that time, but McCallum asked him if he (McCallum) should have it recorded, to which respondent assented. The deed was recorded in the county auditor's office on October 10, 1919. It later was delivered to respondent, who put it away without looking at it. Later respondent sold the place to one Harrison, and when he came to conveying title to him it was discovered that the deed from appellants, when recorded, contained the following clause: "This conveyance is subject to a certain mortgage in favor of one Henry Mohler for the sum of $750.00." This fact became known to respondent for the first time October 14, 1921. Respondent was compelled to satisfy the Mohler mortgage at an expense to him of $783.33.

The appearance of the original deed, which is before us, is that it had the words "This conveyance is subject to a certain mortgage in favor of one Henry Mohler for the sum of $750.00", inserted in the deed after it had been drafted. At the end of the description

is a line of x's and dashes to the end of the line, indicating that the deed had been finished at that place. At the end of the line after the x's and dashes, the word "This" is inserted with the same machine and ribbon, but the following line commences at a different place, a little to the left, and the next line at a little different place, to the left, thus indicating that the paper had been removed from the typewriter and afterwards replaced.

Lyons had absconded. McCallum and appellants testified that the deed contained the clause mentioned when it was executed by appellants and before it was delivered. Respondent and his wife testified to the contrary. Since the purchase price was satisfactorily shown to be $2,500, and since the deed appears to have been altered at some time, we are satisfied from these corroborating circumstances that the finding of the trial court that the clause in question had been inserted after the execution of the deed and delivery to McCallum, and while in the possession of McCallum & Company, was correct. The trial judge, by his comments, manifested a reluctance to make any finding or enter any judgment that would reflect upon McCallum. But his advantage in seeing and judging the credibility of the witnesses and the circumstances supporting respondent's evidence sustain his findings.

Appellants contend that McCallum & Company were the agents of both parties, and that the payment of the final sum of money to McCallum & Company was at the risk of respondent, and was his money when misappropriated, and therefore no judgment should be rendered against appellant.

We cannot assent thereto. While McCallum & Company may have been the agents of both parties for the purpose of holding the deed, and of respondent for the

purpose of having it recorded, they were the agents of appellants for the purpose of receiving and accounting for the money. Therefore, when the money was misappropriated, it was the money of appellants that was misappropriated. Respondent had paid all that his bargain called for, and was entitled to recover upon showing that he had been defrauded and the amount thereof.

The judgment is right and is affirmed.

MAIN, C. J., BRIDGES, MACKINTOSH, and MITCHELL, JJ., concur.